IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUAN OBANDO-ROMERO, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v.                                                    ) | CRIMINAL NO. 01-194 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court on Petitioner Juan Obando-Romero's Motion to Modify an Imposed Term of the Movant's Imprisonment Pursuant to the Applicable Provisions of 18 U.S.C. § 3582(c) Incorporating 18 U.S.C. 3553(a).

Section 3582(c), upon which this Motion exclusively relies, states in pertinent part:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Importantly, not once in the entire motion does Obando-Romero mention any action taken by the Sentencing Commission to lower the range under which he was sentenced.  Because this is the only situation in which a

Defendant can reduce his sentence under § 3582(c), Obando-Romero's Motion is denied.

Obando-Romero relies on the *Blakely v. Washington* and *United States v. Booker* Supreme Court decisions to support his Motion. *Blakely v. Washington*, 124 S.Ct. 2531 (2004); *United States v. Booker*, 125 S.Ct. 738 (2005). Firstly, as noted above, § 3582(c) affords relief based upon actions taken by the Sentencing Commission, not the Supreme Court. Therefore, these decisions are not relevant to the discussion of § 3582(c).

Secondly, even upon assuming that Obando-Romero properly presented *Blakely* and *Booker* for this Court's consideration, Defendant is still not entitled to relief. The rights recognized in *Blakely* are not newly recognized rights made retroactively applicable to cases on collateral review. *See United States v. Marshall*, 2004 WL 2980733, at *1, n* (4th Cir. Dec. 22, 2004); *United States v. Johnson*, 353 F. Supp. 2d 656, 657-58 (E.D. Va. 2005). Likewise, *Booker* does not apply retroactively on collateral review. *See Booker*, 125 S.Ct. at 769 ("we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review"). Therefore, these arguments, even if appropriately raised, lack merit.

Accordingly, it is hereby

**ORDERED** that the Motion to Modify an Imposed Term of the Movant's Imprisonment is **DENIED.**

Should petitioner wish to appeal, he must file a Notice of Appeal with the Clerk of this Court within sixty (60) days of the date of this Order.  *See* Section 2255 Proceedings R. 11; Fed. R. App. P. 4(a).

The Clerk is DIRECTED to send a copy of this Order to petitioner.

October__7_, 2005                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE